**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENZO CAMPO | |
| Plaintiff, | |
| vs. | Civil Action No. 10-4446 |
| BRIAN EIG and CATHOLIC CHARITIES DIOCESE OF TRENTON | **OPINION** |
| Defendants. | |

**WOLFSON, United States District Judge:**

Presently before the Court is a motion by Defendants Brian Eig and Catholic Charities Diocese of Trenton (collectively referred to as "Defendants") to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This case arises from Complaints filed by Plaintiff, pro se, Vincenzo Campo ("Campo").[1] Although the Complaints themselves are largely incomprehensible, to the extent the Court can discern a cause of action amongst Plaintiff's ramblings, Plaintiff appears to allege that Defendants violated his First Amendment rights when they requested that he remove a swastika from his clothing. For the reasons that follow, the Court finds that the Complaint fails to state a claim upon which relief can be granted, and

---

[1] The Court notes that following the filing of an initial Complaint on August 31, 2010 consisting entirely of random words interspersed with ellipses, Plaintiff filed an Amended Complaint on September 27, 2010 which again consisted of random words interspersed with ellipses. On December 17, 2010, Defendants filed a Motion for a More Definite Statement and, in response, Plaintiff filed two additional identical Amended Complaints on January 11, 2011 and February 18, 2011. Because none of these Complaints are entirely coherent, the Court will consider all the Complaints in an attempt to understand Plaintiff's allegations.

therefore, the Complaint is dismissed.

**I.     Factual Background**

For the purpose of this Opinion, the facts alleged in the Complaint are assumed to be true. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). At the outset, the Court notes that Plaintiff's initial Complaint was incomprehensible. Although Plaintiff filed Amended Complaints on January 11, 2011 and February 18, 2011, these identical Complaints are, at best, terse, and entirely void of jurisdictional or factual statements, numbered Counts and numbered paragraphs. Indeed, each of the Amended Complaints appears to contain approximately five sentences. Difficult as it may be, to the extent that the Court can discern a cause of action from the entirety of Plaintiff's papers, Plaintiff appears to allege that he wears a swastika and that he was advised, by Defendants, to remove the swastika. As a result of the alleged harm caused by Defendants' request that Plaintiff remove the swastika, Plaintiff seeks $13 million in damages and requests that the Court freeze Defendants' assets. Plaintiff has not provided the dates upon which the alleged harm occurred nor has he alleged any additional details.

**II.    Procedural History**

Plaintiff filed an initial Complaint on August 31, 2010. Plaintiff filed an Amended Complaint on 27, 2010. Subsequently, on December 17, 2010, Defendants filed a Motion for a More Definite Statement and, in response, Plaintiff filed two additional identical Amended Complaints on January 11, 2011 and February 18, 2011. Thereafter, between March 9, 2011 and March 23, 2011, Plaintiff filed numerous motions for relief including: a "Motion to Impose Interest of 8% Per Diem," a "Motion to Impose, in Proper Order, a Levi Against Defendant," a "Motion to Freeze All Liquid Assets Bank Also Property of the Defendants," a "Motion to Order

a Commencement to Begin a Process of Trial," and a Motion to for an Order to Impose a Plea from Defendant." On March 25, 2011, Defendants filed a Motion to Dismiss the Complaint. Plaintiff did not respond to Defendants' Motion to Dismiss. However, on April 8, 2011, Plaintiff filed additional Motions including a "Motion to Subpoena Reliable Credible Witnesses."

## III.  Discussion

Under the Federal Rules of Civil Procedure, it is well-established that a complaint must "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The purpose of a complaint is "to inform the opposing party and the court of the nature of the claims and defenses being asserted by the pleader and, in the case of an affirmative pleading, the relief being demanded." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1182 (3d ed. 2004).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff "and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court "retired" the language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46). Rather, the factual allegations in

a complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

The Third Circuit summarized the pleading requirement post-Twombly:

> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.'

Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court recently further clarified the 12(b)(6) standard. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. Accordingly, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. In short, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010). This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." Id. That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." Id. (quoting Iqbal, 129 S.Ct. at 1953).

In the instant matter, Plaintiff has entirely failed to satisfy the minimum pleading standards of Rule 8(a). Here, the Complaint does not include a statement of this Court's jurisdiction, nor does it specify the cause of action Plaintiff is asserting. Moreover, the Complaint does not even assert the violations Defendants are alleged to have committed. Indeed, while the Complaint demands damages in the amount of $13 million, the Complaint nowhere identifies the specific injuries that Plaintiff has allegedly suffered nor the actions that caused these alleged injuries. The only comprehensible statement in any of Plaintiff's Complaints appears to suggest that the Defendants advised Plaintiff to remove a swastika that he was wearing, however Plaintiff does not indicate when this incident happened, where it happened, or under what circumstances Plaintiff was told to remove the swastika. Thus, the Court finds that Plaintiff's Complaint lacks sufficient factual allegations to support what the Court can only assume is an assertion that Defendants violated Plaintiff's First Amendment rights.[2]

However, even if this Court were to construe the Complaint as meeting the pleading standards set forth in the Federal Rules, the Complaint still fails to state a claim for a violation of Plaintiff's First Amendment rights. Indeed, "it is well-established that the First Amendment applies only to state actions." Democratic Nat'l Comm. v. Republican Nat'l Comm., 2009 U.S. Dist. LEXIS, 2009 WL 4268392 (D.N.J. Dec. 1, 2009) (citing Cent. Hardware Co. v. NLRB, 407 U.S. 539, 547, 92 S.Ct. 2238, 33 L.Ed.2d 122 (1972)) ("The First and Fourteenth Amendment are limitations on state action, not on [private] action ... for private purposes."). "The

---

[2] Indeed, as discussed above, the Court has afforded Plaintiff ample opportunities to amend his Complaint. Plaintiff filed his initial Complaint on August 31, 2010, and filed an amended Complaint on Sept. 27, 2010. After the Court ordered Plaintiff to amend his Complaint pursuant to Defendants' motion for more definitive statement, Plaintiff filed two more amended Complaints.

prohibitions of the First Amendment apply only to government actors, not to private entities or persons." Metzler v. Am. Transp. Group, L.L.C., 2008 U.S. Dist. LEXIS 10562, *11, 2008 WL 413311 (D.N.J. Feb. 13, 2008) (citing Pub. Util. Comm. of D.C. v. Pollack, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952)). Thus, to claim protection of these constitutional provisions, Plaintiff must demonstrate that the alleged violations "may be fairly attributable to the state." Community Medical Center v. Emergency Medical Services, Inc., 712 F.2d 878, 879 (3d Cir.1983) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).  In the absence of any allegation that Defendants are state actors, and not private parties, as it appears to the Court and as Defendants assert, Plaintiff's Complaint fails to state a claim upon which relief can be granted.[3]  Furthermore, because Plaintiff has already had several opportunities to submit a more definite statement and amend his Complaint, the Complaint will be dismissed as opposed to giving Plaintiff yet another opportunity to amend.

### III.   Conclusion

For the foregoing reasons, Defendants' motion is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.  An appropriate Order shall follow.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

Date: May 26, 2011

---

[3]Because the Court dismisses Plaintiff's Complaint in its entirety, the Court need not consider the merits of Plaintiff's numerous motions.